KYLE v. COMMISSIONER OF INTERNAL REVENUE.

REINHART v. SAME.
Nos. 4355, 4356.

Circuit Court of Appeals, Third Circuit.
Sept. 15, 1930.

W. W. Booth and W. A. Seifert, both of Pittsburgh, Pa. (Smith, Shaw, McClay & Seifert, of Pittsburgh, Pa., of counsel), for appellants.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Norman D. Keller, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

These two cases consolidated for hearing, and decision are proceedings for the redetermination of deficiencies in the petitioners' income taxes for the calendar year 1920, in the following amounts: William J. Kyle, $1,796.-12; and Patrick D. Reinhart, $1,509.08.

The facts were correctly found by the Board of Tax Appeals, as follows:

"The petitioners, attorneys at law, residing in Waynesburg, Greene County, Pennsylvania, in 1908, formed a partnership under the firm name of Kyle & Reinhart, which thereafter engaged in a general practice with offices in Waynesburg. Beginning with the year 1899, William J. Kyle, one of the petitioners, had performed numerous legal services for J. V. Thompson, a resident of Uniontown, Fayette County, Pennsylvania, who up until his property was placed in the hands of receivers in January, 1915, had been extensively engaged in purchasing and selling coal lands in western Pennsylvania. After its formation until the date of the receivership the partnership continued to represent Thompson in certain of his purchases of coal property in Greene County. The services rendered consisted principally of examining titles, preparing deeds and mortgages, closing the transactions and recording the various instruments. Fees were charged for each transaction in proportion to the amount of time involved and bills were rendered from time to time, generally at periods requested by Thompson. Thompson never objected to the amounts of the fees charged, but at the time of the receivership he had not paid some of the bills on the ground that the money was not then available.

"In 1915, shortly after Thompson's affairs were placed in the hands of receivers, the petitioners were granted leave of court to institute suit against Thompson. Suit was entered in Fayette County and a judgment was recovered thereon for want of an affidavit of defense on November 3, 1915, in the amount of $19,209.62. Of this amount, $7,035.10 represented the value of completed services performed by the partnership for Thompson from 1909 until March 1, 1913, and $1,055.27 represented interest upon such amounts from the average due date to March 1, 1913. An exemplified copy of the record was entered in Greene County on November 5, 1915. At Thompson's solicitation the petitioners did not issue execution on the judgment. They considered at that time that Thompson would eventually be able to pay off his indebtedness. In September, 1920, Thompson's trustees in bankruptcy paid the petitioners the amount of $24,320.27 representing the face amount of the judgment, together with interest from the date of judgment to the date of payment. In making their returns for 1920 the petitioners included therein the amount of such interest, or $5,110.65. The Commissioner determined that the entire amount of cash received in 1920 was income to the partnership and that one-half of this amount was income of each of the petitioners for the taxable year. The petitioners' returns have been made on the cash receipt and disbursements basis."

The Board held that the portion of the amount received, which represented payment for completed services performed prior to March 1, 1913, and for interest accrued to that date in the respective amounts of $7,035.10 and $1,055.27, or a total of $8,090.-37, was not income in 1920, but that the balance of the judgment was income in 1920, when paid, and not in 1915, when entered. Final orders of redetermination were entered on June 21, 1929, and from those orders this appeal is taken.

The only error alleged is the act of the Commissioner in including in the 1920 income, the entire amount received in cash by the partnership during the taxable year in satisfaction of a judgment acquired in the year 1915.

The petitioners are liable for taxes on the amount of cash received in 1920 on the judgment which represented the amount of fees and earnings after March 1, 1913, but not on that part of the judgment which represented earnings prior to March 1, 1913, with interest amounting to $8,090.37.

Under the evidence in this case, the judgment itself was not shown to be equal to

cash; in fact, it was not shown what was the market value of the judgment. The judgment recovered was only one step in the collection of the amount due for legal services, and the income was received when the judgment was paid in 1920, and therefore the cash received in 1920, which represented fees after March 1, 1913, was taxable for the year 1920.

In this case, the judgment was not given as property or as payment. A promissory note when given as payment and received as such becomes income to the extent of its value. The difference between a promissory note and a judgment is clearly expressed in the opinion of the Board as follows:

"The petitioners attempt to draw an analogy between their judgment and those cases in which promissory notes and similar forms of property given in payment for services have been held to represent income to one on the cash basis. However, it may be pointed out that notes so held to be income are different in some material respects from judgments. They are negotiable and frequently pass from hand to hand. Generally they can be readily discounted and in the hands of a bona fide holder are free from defenses which the maker may have against the original payee, whereas the assignee of a judgment takes it subject to all the defenses that existed against it in the hands of the assignor. See Selz v. Unna, 6 Wall. 327, 18 L. Ed. 799; Griffith v. Sears, 112 Pa. 523, 4 A. 492."

It is important to state that the record does not show that any income tax was paid on the judgment in 1915, when it was recovered.

For the reasons stated above, the petitions for review of the decision of the Board of Tax Appeals are refused and the orders of the Board of Tax Appeals are affirmed.