## Steinberg v. City of Philadelphia

*Samuel P. Lavine*, for appellant.

*Lawrence Prattis*, contra.

PER CURIAM, August 4, 1958.—Are royalties paid under a patent licensing agreement taxable to the recipient under the Philadelphia net profits tax if the patented formula was developed by the recipient? If otherwise taxable, are they immune because the patent

was developed prior to January 1, 1939, the effective date of the ordinance? These are the questions presented to this court in the instant case.

The facts are not disputed. Prior to 1939, appellant, now but not then a physician, developed in his spare time "Koagamin," a blood coagulant. He was employed during that period by the Philadelphia General Hospital as a biologist. Invention was not then and is not now his "business" or "occupation." During the years 1939-42, appellant manufactured Koagamin himself. By stipulation of counsel, the taxes for these years were not disputed by appellant and have been paid.

The tax years here involved are 1943-52 and during these years appellant received royalties under an agreement with John A. Millar Company, to whom he licensed the patent. The tax review board found that the agreement provided for royalty payments in the amount of 20 percent of gross sales of Koagamin manufactured and sold by the licensee. These royalties the city seeks to tax as net profits within the Net Profits Tax Ordinance. The board found that the agreement obligated the licensor, appellant, to render assistance to the licensee when called upon to do so, but found also that "during the taxable years in question (1943-52) the taxpayer received royalties, but performed no active service for the licensee." The amount claimed by the revenue commissioner is $2,018.38.

Preliminarily, we dispose of the conclusion advanced in a concurring opinion by one member of the tax review board. An obligation to render assistance when called upon does not make the royalties taxable. We do not believe such an obligation to labor if called upon can be the same as actually performing of labor. We know that performing services for a tenant can render rents taxable, and not that an obligation to perform, if called upon, has the same effect. Doing and being ob-

ligated to do, if called upon, may be different in this respect. See Breitinger v. Philadelphia, 363 Pa. 512; Murray v. Philadelphia, 363 Pa. 524.

Undoubtedly, the net profits tax is imposed only on "earned income" and does not apply to investment income: Breitinger v. Philadelphia, supra. It is appellant's contention that a patent is a species of property and that, in the absence of the current performance of services by appellant, income from the licensing of the patent is income from the passive ownership of property and is not, therefore, taxable. The board in its Opinion No. 55-21 concluded that, rather than being income from passive ownership, "it was the product of his personal skill and effort by which the formula was developed." More broadly stated, the board's position is that income from the ownership of property is taxable if the property was created through the efforts of the taxpayer:

"The inventor who develops a patent by his own labor secures a return for that labor whether he is paid wages for his work or royalties for the use of the product which his effort has produced. It seems to us that the return is earned income in one case as much as in the other."

Analogies suggested by appellant from cases arising out of Federal tax statutes are not fruitful. Nor does Federal law regarding the nature of patents affect taxability here. The latter is irrelevant and the former are interpretive of different language designed to effect different ends.

Section 220(2)(c) of the income tax regulations promulgated under the ordinance states that "income received as a 'royalty' is considered taxable under the Ordinance. This type of income consists of monies received by the owner of a patent . . . for the use of it. . . ." We believe that so much of the regulation as

makes these royalties in this case taxable is valid. Tax statutes and ordinances should and do look to realities: the realities of this situation are that appellant received moneys during 1943-52 because he labored to develop the patent in 1938. We cannot shut our eyes to the fact that his ownership of the patent is not the result of investment of capital but the product of his labor. Hence, the moneys received as royalties are earned and taxable.

Appellant argues that, even if such royalties would otherwise be taxable, they are immune if, as here, the labor in developing the patent was completed prior to January 1, 1939, the effective date of the statute. The applicable section of the ordinance reads "earned on and after January 1, 1939." Appellant interprets this language to proscribe taxation of moneys received after 1939 if the work was completed prior to 1939. However, in relying upon Hadden v. Commissioner of Internal Revenue, 49 F. 2d 709 (2d Cir.), and Kyle v. Commissioner of Internal Revenue, 43 F. 2d 291 (3d Cir.), appellant reveals the error in his approach.

The instant case is not one in which appellant, had he been on the accrual instead of the cash basis, could be said to have accrued this income prior to 1939. The crux of the matter, even if we were to follow the courts of appeals, is whether the moneys which were received after the effective date were owing, had become due, or had accrued before the effective date. Appellant was not owed these moneys in 1938. Indeed, no money is owed until a sale is made by the licensee, and all sales were made after 1939, actually after 1942.

The royalties were earned after January 1, 1939, because (a) appellant's labor was the generative source of the income-producing asset, and (b) the income resulting from such labor became due and was received after January 1, 1939. Therefore, we dismiss

the appeal and affirm the action of the tax review board.